## SUPREME COURT.

### Thomas Watson agt. Albert Morton.

Where a *copy of a summons* is served without any indication on it of a United States *revenue stamp*—such stamp being properly attached to the *original* summons, the action, on motion, will be dismissed for such omission.

*St. Lawrence Special Term, February,* 1864.

Motion to set aside all proceedings in this action on the ground that it does not appear in any manner upon the copy of the summons served, that any United States revenue stamp was affixed to the original summons and cancelled, as required by the United States Statute.

Myers & Magone, *for the motion.*
Brown & Beach, *in opposition.*

James, J. This was a motion to dismiss the action because there was no revenue stamp upon the summons. In support of his motion, the defendant produced the copy

of the summons served, and there is nothing on it to indicate that the original had the necessary stamp.

The plaintiff produces the original, which is properly stamped, and makes affidavit that it was properly stamped when issued.

The revenue law requires a fifty cent stamp upon every legal process whereby a suit is commenced, and an omission to affix such stamp renders the process invalid. (*Revenue Law of* 1862, §§ 94 *and* 95.)

By the Code, civil actions can only be commenced by service of summons (*Code*, § 127); and the service can only be made by delivering a copy of the summons, or by publication (*Code*, § 134). It will thus be seen that the revenue stamp is essential to the validity of the summons, and that service can only be made by delivering a copy, where personal service is had. If the original had a revenue stamp attached, can that be a copy which omits an essential part of such process?

I think the defendant is entitled to some notice that a stamp was attached to the original, either by some indication on the copy served or by showing the stamp on the original. Showing the seal on the original was the manner of serving subpœnas in chancery, which were invalid without having the seal of the court impressed, and although necessary to exhibit the seal, it was also customary to mark the copy delivered as indicating a seal. I am not now prepared to say that showing the stamp on the original process, at the time of service, without marking the copy served, would not be sufficient, but I am satisfied that some indication of a stamp being attached, must be given; and as there was none in this case, the motion must be granted, but without costs.